\*WESTERN UNION TELEGRAPH CO.. v. UNION SAVINGS & TRUST CO.

ORDER OF PROBATE COURT APPOINTING CORPORATION EXECUTOR MAY BE COLLATERALLY ATTACKED FOR WANT OF POWER.

The name "The Union Savings & Trust Co." indicates a corporation or partnership, neither of which has any capacity to act as an executor or administrator. Hence, the record of the probate court showing the appointment by that court of a corporation as executor, being beyond its power, may be collaterally attacked in another court, and an order reviving an action commenced by decedent in the name of such corporation executor is invalid.

[For other cases in point, see 4 Cyc. Dig., "Executors and Administrators," §§ 26, 57.—Ed.]

[Syllabus approved by the court.]

ERROR to Clark common pleas court.

**Martin & Martin,** for plaintiff in error:

If the action is one which should be revived, then it should be revived in the name of the heir or devisee, and not the executor. 1 Cyc. 60; *Johnson* v. *Elwood*, 82 N. Y. 362; *Harris* v. *Crenshaw*, 24 Va. (3 Rand.) 14; *Little* v. *Conant*, 19 Mass. (2 Pick.) 527.

Probate court had no power to appoint the Union Savings Bank and Trust Company, a corporation, as executor. *Schumacher* v. *McCallip,* 69 Ohio St. 500 [69 N. E. Rep. 986].

Collateral impeachment of record of appointment. *Shroyer* v.

---

*Affirmed by Supreme Court, without report, March 17, 1908, *Union Sav. & Tr. Co.* v. *Telegraph Co.* 53 Bull. 83.

Telegraph Co. v. Savings & Tr. Co.

*Richmond*, 16 Ohio St. 455; *Swazey* v. *Blackman*, 8 Ohio 5; *Cincinnati, S. & C. Ry.* v. *Belle Centre*, 48 Ohio St. 273 [27 N. E. Rep. 464]; *Hoffman* v. *Fleming*, 66 Ohio St. 143 [64 N. E. Rep. 63]; *Carr* v. *Hull*, 65 Ohio St. 394 [62 N. E. Rep. 439; 58 L. R. A. 641; 87 Am. St. Rep. 623].

Probate court as a court of special and limited jurisdiction must proceed strictly under its statutory powers. Work, Courts 120, 156, 435; *Root* v. *McFerrin*, 37 Miss. 17 [75 Am. Dec. 49].

The statute only gives power to appoint the party named in the will "if legally competent." Work, Courts 120, 455; *Scobey* v. *Gano*, 35 Ohio St. 550; *Commercial Gazette Co.* v. *Dean*, 11 Dec. Re. 207 (25 Bull. 250); *Maxson* v. *Sawyer*, 12 Ohio 195; *Moore* v. *Starks*, 1 Ohio St. 369; *Buchanan* v. *Roy*, 2 Ohio St. 251; *Callen* v. *Ellison*, 13 Ohio St. 446; *Pennywit* v. *Foote*, 27 Ohio St. 600 [22 Am. Rep. 340]; *Spier* v. *Corll*, 33 Ohio St. 236.

*De facto* executor. *Hooper* v. *Scarborough*, 57 Ala. 510; *Bell* v. *Love*, 72 Ga. 125; *Dooley* v. *Bell*, 87 Ga. 74 [13 S. E. Rep. 284]; *Hoffman* v. *Fleming*, 66 Ohio St. 143 [64 N. E. Rep. 63].

**C. L. Spencer** and **E. S. Houck**, for defendant in error:

Cited and commented upon the following authorities: *Shroyer* v. *Richmond*, 16 Ohio St. 455; *Swazey* v. *Blackman*, 8 Ohio 5; *Cincinnati, S. & C. Ry.* v. *Belle Centre*, 48 Ohio St. 273 [27 N. E. Rep. 464]; *Hoffman* v. *Fleming*, 66 Ohio St. 143 [64 N. E. Rep. 63]; *Toledo & O. C. Ry.* v. *Beard*, 11 Circ. Dec. 406 (20 R. 681); *Lake Shore & M. S. Ry.* v. *Gilday*, 9 Circ. Dec. 27 (16 R. 649); *Sheldon* v. *Newton*, 3 Ohio St. 494; *Carr* v. *Hull*, 65 Ohio St. 394 [62 N. E. Rep. 439; 58 L. R. A. 641; 87 Am. St. Rep. 623]; *Schumacher* v. *McCallip*, 69 Ohio St. 500 [69 N. E. Rep. 986]; VanFleet, Col. Attack Par. 540, 619; *Whitbeck* v. *Railway*, 36 Barb. 644; *Adams* v. *Blodgett*, 47 N. H. 219; *Foote* v. *Merrill*, 54 N. H. 490 [20 Am. Rep. 151]; *Smith* v. *Gonder*, 22 Ga. 353; *Evans* v. *Gas Co.* 148 N. Y. 112 [42 N. E. Rep. 513; 30 L. R. A. 651; 51 Am. St. Rep. 681]; *Western Union Tel. Co.* v. *Smith*, 64 Ohio St. 106 [59 N. E. Rep. 890]; *Johnson* v. *Elwood*, 82 N. Y. 362; *Harris* v. *Crenshaw*, 24 Va. (3 Rand.) 14; *Little* v. *Conant*, 19 Mass. (2 Pick.) 527; *Valley Ry.* v. *Bohm*, 29 Ohio St. 633; *McPherson* v. *Seguine*, 14 N. C. (3 Dev. L.) 153; *Dobbs* v. *Gullidge*, 20 N. C. (4 Dev. & B.) 68; *Clark* v. *Railway*, 36 Mo. 202; *Musick* v. *Railway*, 114 Mo. 309 [21 S. W. Rep. 491]; *Seymour (City)* v. *Cummins*, 119 Ind. 148 [21 N. E. Rep. 549; 5 L. R. A. 126]; *Scobey* v. *Gano*, 35 Ohio St. 550; *Rammelsberg* v. *Mitchell*, 29 Ohio St. 22.

Clark County.

**DUSTIN, J.** (Orally.)

This is an action, in error, to reverse the action of the common: pleas court in issuing an order of revivor in favor of the defendant in: error.

The case has quite a history. Adolphus H. Smith, in his lifetime,. obtained a judgment against the Western Union Telegraph Company for damages for the destruction of trees belonging to him, destroyed by the telegraph company while stringing its wires upon his prem-- ises. The Supreme Court reversed the judgment. Smith died, and the Union Savings & Trust Company was appointed his executor, under a law then existing but later held to be unconstitutional.

The order of revivor is attacked upon the ground that the probate court had no authority to appoint the Union Savings & Trust Company as executor of Smith and therefore it is not the personal representative of the estate of Smith, and there can be no order of revivor in its name.

The court below acted upon the theory that at the time of the appointment of the Union Savings & Trust Company, as executor, it was the statutory law, and that the company continues to act as executor until the probate court, which appointed it, under proper proceedings shall cancel the appointment; that it is the *bona fide* and *de facto* executor; and that its appointment cannot be questioned collaterally in another court; and the proposition is urged by counsel for the trust company that the probate court being a court of record, and having jurisdiction of the subject-matter and of the parties, its finding is conclusive.. It is true that having jurisdiction of the subject-matter and of the parties, the judgment of the court, when acting within its powers, cannot be attacked collaterally; but the question here is, Did the court act within its powers?

A court having jurisdiction of the subject-matter and of the parties nevertheless may exceed its powers, and that is what we think the probate court did in this case. The Union Savings & Trust Company has no capacity to act as executor of Smith; it would have been the same as an appointment of itself as executor, or an imbecile; and of course if the imbecility of the appointee does not appear from the record it cannot be attacked collaterally. But here it appears from the record that the executor was a corporation, and a corporation, under the ruling of the Supreme Court of this state has no power to act in that capacity.

But the question is suggested that it does not appear absolutely that it is a corporation—there being no statement in the record that it

Telegraph Co. v. Savings & Tr. Co.

is such—but we take judicial knowledge of the fact that, "The Union Savings & Trust Company" is not the name of an individual,—a natural person. If it be the name of a partnership, so much the worse for the claim of the trust company, because a partnership, of course, cannot act in such capacity. It is either a partnership or a corporation, and being a corporation under the law, as I have stated, it has no capacity to act as an executor.

A familiar illustration of the law of power may be this: That a court in a civil case, although having jurisdiction of the subject-matter and of the parties, nevertheless may not take action appropriate to a criminal case, and in so far as it does exceed its powers by such act, may be attacked.

We are of the opinion, therefore, that the court erred in reviving the action in the name of the Union Savings & Trust Company, and the judgment of the court below will be reversed.